**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GEORGE VASQUEZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-1934(JAG) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| JOHN B. DWYER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

George Vasquez, Pro Se
# 410266-B
Northern State Prison
168 Frontage Road
Newark, NJ 07114-2300

**GREENAWAY, JR., District Judge**

Plaintiff, George Vasquez, currently incarcerated at the Northern State Prison, Newark, New Jersey, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, this Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, this Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed, with prejudice.

## BACKGROUND

Plaintiff seeks to sue John B. Dwyer, a deputy public defender; James F. Avigliano, the Passaic County Prosecutor; Dominic F. Palumbo, the Criminal Case Division Manager; and Marilyn C. Clark, a Superior Court Judge of the State of New Jersey.

Plaintiff contends that files containing his arrest warrants have been lost by the public defender's office, the prosecutor's office, and the court.  Plaintiff asserts that he needs these files to prove an illegal arrest based on an illegal arrest warrant.

Plaintiff filed a motion to compel discovery in the state trial court, and defendant Judge Clark refused to grant his motion.  Plaintiff believes that there are "serious credibility issues" with the defendants, warranting an investigation as to how his file could be lost at the same time he requested the warrants.

Plaintiff asks this Court to assign him counsel, to institute an investigation, to grant monetary damages due to his false arrest, and to release him, if his arrest warrant is not

produced.

## DISCUSSION

### A.   Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d

3

902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See</u> <u>id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47,  (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  <u>See Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).  <u>See also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (when assessing

4

the sufficiency of a complaint, the Court must distinguish factual contentions - which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted - and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.**   **42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.    **Plaintiff's Complaint Will Be Dismissed.**

    1.    Negligence

Plaintiff seeks to sue the named defendants because his criminal files were lost.  However, clerical errors or negligence alone do not rise to the level of a constitutional violation actionable under § 1983.  See Davidson v. O'Lone, 752 F.2d 817 (3d Cir. 1984), aff'd 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986) (Due Process Clause of the Fourteenth Amendment not implicated by lack of due care of an official causing unintended injury to life, liberty or property; no procedure for compensation is constitutionally required when government official is merely negligent).  Plaintiff's claim on this basis cannot survive.

    2.    Rooker-Feldman Doctrine

Further, Plaintiff alleges facts indicating that he has raised the issue of his lost files before the state PCR judge, who "refuses to issue an order compelling production of theses documents . . . ."  (Complt., ¶ 6).  Based on the fact that this issue has been raised and adjudicated in the state courts, this Court will not interfere with the state process.

A federal district court lacks jurisdiction to directly review judgments of state courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman

doctrine").  The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted).  "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'" Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).

The Rooker-Feldman doctrine applies if, in order to grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling. See Gulla, 146 F.3d at 171; FOCUS, 75 F.3d at 840.  Here, Plaintiff alleges facts indicating that his complaint directly challenges the state court's ruling.  A finding by this Court in Plaintiff's favor would necessarily invalidate the state court's decision. Therefore, pursuant to the Rooker-Feldman doctrine, Plaintiff's claim is not cognizable here.  Plaintiff may appeal the decision of the PCR judge in the state appellate courts, if he so chooses.

3.   Release

Plaintiff's request to be released due to the fact that his

arrest warrants cannot be located is not proper relief in a §
1983 action.  In a series of cases beginning with <u>Preiser v.</u>
<u>Rodriquez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed
the intersection of 42 U.S.C. § 1983 and the federal habeas
corpus statute, 28 U.S.C. § 2254.  The Court held that "when a
state prisoner is challenging the very fact or duration of his
physical imprisonment, and the relief he seeks is a determination
that he is entitled to immediate release or a speedier release
from that imprisonment, his sole federal remedy is a writ of
habeas corpus."  <u>Id.</u> at 500.

     In this case, Plaintiff seeks immediate release.  His sole
remedy is to file a habeas petition, pursuant to 28 U.S.C.
§ 2254, after exhaustion of his state court proceedings.
Therefore, in accordance with <u>Preiser</u>, the claim in this petition
is dismissable for failure to state a claim upon which relief may
be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and
1915A(b)(1).

     4.   <u>Defendants Not State Actors, or are Immune from Suit</u>

     Finally, this Court notes that defendant Dwyer, as a public
defender, is not a "state actor" for purposes of a § 1983 suit.
<u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding that
public defenders do not act under color of state law).  Defendant
Avigliano, as a prosecutor, and defendant Clark, as a judge, are

also immune from suit under § 1983.[1]   See Imbler v. Pachtman, 424 U.S. 409, 410 (1976) ("a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983); see also Mireles v. Waco, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity).

Plaintiff has not alleged facts indicating a constitutional violation.  Also, Plaintiff fails to allege facts that would vitiate defendant Avigliano's, defendant Dwyer's, and defendant Clark's immunity.  Therefore, his complaint must be dismissed.

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for seeking relief from immune defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 26, 2009

---

[1] As to Defendant Palumbo, Plaintiff's allegations against him only indicate that he was, at most, negligent in failing to maintain Plaintiff's files.  Therefore, as discussed above, Plaintiff has failed to state a claim against Defendant Palumbo, pursuant to § 1983.